IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROMAN GABRIEL CONTRERAS,

                Petitioner,

v.

BOP STAFF AT FCI OXFORD,

                Respondent.

OPINION AND ORDER

25-cv-150-wmc

---

      Petitioner Roman Gabriel Contreras is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford").  Representing himself, Contreras has filed a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of his sentence.  (Dkt. #1.)  Specifically, petitioner contends that he has been wrongly denied earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), and the Second Chance Act, 18 U.S.C. § 3624, as well as placement in the Residential Drug Abuse Program ("RDAP").  Because Contreras admits he did not exhaust administrative remedies as required, the petition will be dismissed for the reasons explained below.

OPINION

      Petitioner is currently incarcerated as the result of a federal conviction for attempted possession of 500 grams or more of a mixture or substance containing methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)((A), and 846.  Petitioner received a sentence of 240 months' imprisonment followed by a 10-year term of supervised

release in that case. *See United States v. Roman Gabriel Contreras*, No. 1:15CR242-01 (D. Hawaii Oct. 22, 2015). His projected release date is May 19, 2031.

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Before seeking relief in federal court, however, a prisoner must exhaust administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after administrative remedies have been exhausted").

To exhaust administrative remedies, a prisoner incarcerated by the BOP must first file an informal complaint with institution staff. 28 C.F.R. § 542.13(a). If the complaint is not resolved informally, a prisoner must file an administrative remedy request on a BP-9 form at the institution where he is incarcerated. 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response to his BP-9, he may submit an appeal to the Regional Director on a BP-10 form within 20 days. 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the Office of General Counsel within 30 days. *Id*. Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process is likely to result in the denial of the requested relief. *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

Petitioner alleges that he attempted informal resolution and that he has filed a formal complaint, but concedes that he did not complete the remaining steps required to exhaust available administrative remedies before filing his petition. (Dkt. #1, at 3.) Although petitioner alleges that he has received inconsistent instructions about the administrative remedy process, he does not demonstrate that the Administrative Remedy Program is unavailable to him or that it would be futile to pursue administrative remedies in connection with his claims. In fact, requiring administrative exhaustion in this case will give the prison system "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," and promote efficiency. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Therefore, the petition will be dismissed without prejudice as unexhausted.

### ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by Roman Gabriel Contreras (dkt. #1) is DISMISSED without prejudice for lack of exhaustion.

2. The clerk of court shall enter judgment and close this case.

Entered on this 16th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge